UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOHN JOSEPH EDWARDS,

    Plaintiff,

vs.                                                   Case No. 8:08-CV-2563-T-27TGW

THE FLORIDA DEPARTMENT OF
CHILDREN AND FAMILIES, an
Agency of the State of Florida, CATHY
KELLY, RICHARD R. ROBBINS, JR. and
DIANE T. UBELE, in their individual capacities,

    Defendants,
_____/

## ORDER

**BEFORE THE COURT** are Defendant Florida Department of Children and Families' Amended Motion to Dismiss Plaintiff's Complaint with Prejudice (Dkt. 14) and Plaintiff's Response to Defendant Florida DCF's Motion to Dismiss Complaint (Dkt. 11).[1] Upon consideration, Defendant's motion is granted in part, and Counts IV and V of the Complaint (Dkt. 2) are dismissed without prejudice.

*Standard*

A complaint should be dismissed under Rule 12(b)(6) where it fails to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, --- U.S. ----, 129 S.Ct. 1937, 1949 (2009). In evaluating a motion to dismiss, the Court must accept all factual allegations as true and construe them in the light most favorable to the plaintiff. *See United Techs. Corp. v. Mazer*, 556 F.3d 1260,

---

[1] Defendant amended its motion to change a date. Plaintiff did not file an amended response, and the Court considers Plaintiff's response to the original motion to dismiss.

1269 (11th Cir. 2009). The Court may only consider "the well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed." *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004). An affirmative defense, such as the statute of limitations, may only be raised on a motion to dismiss where it is "apparent from the face of the complaint." *La Grasta*, 358 F.3d at 845.

## *The Complaint*

Edwards' parental rights to his child, J.E., were terminated by a Florida state court on April 4, 2002.[2] Edwards was never personally served with process, and did not appear at the hearing. The Department of Children and Families ("DCF") had submitted an affidavit stating that it conducted a diligent search for Edwards and, with the court's authorization, served process through publication.

Two years later, Edwards learned through the media that J.E.'s half-sister had been abused in a foster home where she was residing with J.E. Concerned for his son's welfare, Edwards filed a petition for writ of habeas corpus on July 1, 2004.[3] In the petition, Edwards alleged, "I have recently heard through third parties that the Department of Children and Families has terminated my parental rights. If this is true I have never been served with any process or other document in such a case." He argued that J.E. was being wrongfully restrained in the DCF's custody, because the state court never obtained jurisdiction over him prior to terminating his parental rights. Edwards concluded his "Constitutional Rights to due process, privacy, and to a parent-child relationship

---

[2] The factual allegations in the complaint are based, in large part, on a May 5, 2006 order of the Circuit Court in and for Hernando County, Florida in *John Joseph Edwards v. Jerry Regier*, Case Nos. H-27-CA-2004-672 and 98-366-DPA, B, and a March 30, 2007 opinion of Florida's Fifth District Court of Appeal in *Department of Children and Families v. J.J.E.*, No. 5D06-1797, both of which are attached to the complaint.

[3] The DCF attached a copy of Edwards' petition to its motion. Because the petition is central to the complaint and its contents are not disputed, it may be considered on the DCF's motion to dismiss. *See, e.g., Harris v. Ivax*, 182 F.3d 799, 802 n.2 (11th Cir.1999).

[were] being violated by the State of Florida, Department of Children and Families asserting custody of my child against my wishes." In response to the petition, the DCF filed a writ of prohibition, which a Florida appellate court granted, ordering the trial court to dismiss the petition or transfer the proceeding to the court that ordered the termination of his parental rights.

On January 12, 2006, the court that had terminated Edwards' parental rights held a full evidentiary hearing to determine whether the DCF performed a diligent search prior to serving process by publication, as required by Florida Statute § 39.803. The court found the DCF had only contacted J.E.'s mother, who had reasons for not being forthcoming as to her knowledge of Edwards' whereabouts. Although the DCF located seven persons with similar names as Edwards, it did not attempt to determine which of those persons was J.E.'s father. The DCF never consulted the Department of Revenue (Child Support Office), which was located in the same building, even though it had issued an order suspending Edwards' child support payments that contained his mailing address. The DCF failed to request Edwards' address from the Clerk of the Circuit Court, who maintained records of Edwards' child support payments and had a letter from Edwards with the correct address. Because the DCF did not demonstrate that it conducted a diligent search before serving process by publication, the court held that jurisdiction was never obtained over Edwards, and the order terminating his parental rights was void.

On March 30, 2007, Florida's Fifth District Court of Appeal affirmed the trial court's order. In a concurring opinion, Judge Torpy described the DCF's lack of diligent effort. He noted that "[i]nstead of admitting the mistake and taking action to expedite the resolution of this case on the merits," the DCF "interposed a frivolous challenge to the authority of the juvenile judge to hear [Edwards'] motion, advanced wholly frivolous arguments and filed a specious appeal from the

adverse ruling."

On March 28, 2008, Edwards served the DCF with a notice of claim under Florida Statute § 768.28(6), which was a condition precedent to filing this action. Several months later, Edwards commenced this litigation against three individual defendants and the DCF. Edwards' complaint asserts two claims against the DCF, negligence (Count IV) and negligence per se (Count V). Both claims allege the DCF had a "duty of reasonable care not to violate the Plaintiff's Constitutional, Statutory, and Parental Rights," which it breached through the "negligent acts and/or omissions of [its] officers, agents, and employees." Edwards alleges that the individual defendants, presumably employees or agents of the DCF, were responsible for conducting a diligent search to determine his whereabouts in order to serve him with process prior to the termination of his parental rights.

The DCF moved to dismiss on the ground that Edwards failed to serve notice under Florida Statute § 768.28(6) within three years of the time his claims accrued. Plaintiff filed a timely response.

*Analysis*

A tort action cannot be commenced against the State of Florida or any of its agencies unless the plaintiff provides written notice of the claim within three years of its accrual. Florida Statute § 768.28(6) states:

> (a) An action may not be instituted on a claim against the state or one of its agencies or subdivisions unless the claimant presents the claim in writing to the appropriate agency, and . . . presents such claim in writing to the Department of Financial Services, within 3 years after such claim accrues and the Department of Financial Services or the appropriate agency denies the claim in writing . . .
>
> (b) For purposes of this section, the requirements of notice to the agency and denial of the claim pursuant to paragraph (a) are conditions precedent to maintaining an action but shall not be deemed to be elements of the cause of action and shall not

4

affect the date on which the cause of action accrues.

Because § 768.28 involves the state's statutory waiver of sovereign immunity, it must be strictly construed. *Levine v. Dade County Sch. Bd.*, 442 So. 2d 210, 212 (Fla. 1983). Any complaint against the state that fails to allege specific compliance with the statute must be dismissed. *Id.* at 213. "Where the time for such notice has expired so that it is apparent that the plaintiff cannot fulfill the requirement, the trial court has no alternative but to dismiss the complaint with prejudice." *Id.* Edwards alleges he sent written notice of his claim to the DCF on March 25, 2008. Accordingly, if his claims against the DCF accrued on or before March 25, 2005, they must be dismissed with prejudice.

A cause of action accrues under Florida law "when the last element constituting the cause of action occurs and the Plaintiff knew or should have discovered the injury." *Florida Power & Light Co. v. Allis Chalmers Corp.*, 85 F.3d 1514, 1518 (11th Cir. 1996) (citing *City of Miami v. Brooks*, 70 So. 2d 306, 309 (Fla. 1954)). In negligence actions, the last element occurs "when the plaintiff knew, or through the exercise of due diligence should have known, of the invasion of his or her legal rights." *D.B. v. CCH-GP, Inc.*, 664 So. 2d 1094, 1095 (Fla. 2d DCA 1995). The DCF argues that Plaintiff's cause of action accrued no later than the date he filed his petition for writ of habeas corpus on July 1, 2004.

Edwards' complaint alleges that the DCF breached its duty "not to violate his Constitutional, Statutory and Parental Rights." Specifically, Edwards asserts that DCF's negligent actions failed to comply with Florida Statute § 39.803(6), which sets forth the requirements for performing a diligent search for an absent parent before terminating his or her parental rights. Viewed in the light most favorable to Edwards, the complaint alleges that because of the DCF's negligent actions, he did not

5

receive notice of the proceeding and was deprived of the right to procedural and substantive due process. As a result, his parental rights to J.E. were terminated.

These actions, however, occurred during the course of the termination proceeding, which concluded in 2002. By the time Edwards filed his petition on July 1, 2004, he knew his parental rights had been terminated, and he knew he had not received notice of the proceeding. Even if Edwards did not know the extent of the DCF's efforts to locate him prior to serving him by publication, his petition demonstrated his awareness that his legal rights had been invaded, which was the final element for the accrual of his claims. *See D.B.*, 664 So. 2d at 1095.

Edwards argues that his claims did not accrue until the state appellate court decision became final in April 2007. However, Edwards' causes of action accrued when he was put on notice of the claims, that is, "when he discover[ed] or reasonably should have discovered, facts alerting him of the existence of his cause[s] of action." *F.D.I.C. v. Stahl*, 89 F.3d 1510, 1522 (11th Cir. 1996) (quoting *Jones v. Childers*, 18 F.3d 899, 906 (11th Cir. 1994)). While the resolution of a judicial proceeding may delay a claim's accrual when it comprises an element of the cause of action, such as a claim for malicious prosecution, the state court's determination was not an element of Edwards' negligence claim. *See Olson v. Johnson*, 961 So.2d 356, 359 (Fla. 2d DCA 2007) (termination of prior proceeding in favor of plaintiff is element of malicious prosecution claim that must occur before claim accrues). For other claims, the limitations period will only be extended where the plaintiff "is prevented from exercising his legal remedy by the pendency of other legal proceedings." *See, e.g., City of Orlando v. Williams*, 493 So. 2d 15, 17 (Fla. 5th DCA 1986) (holding action for declaratory judgment did not prevent filing of specific performance action, and therefore, did not toll limitations period). Edwards has not alleged the state court proceeding prevented him from filing

his negligence claims against the DCF. Accordingly, the action did not affect the date on which his claims accrued.

Edwards asserts that the DCF's negligence "was ongoing and continuing in nature," and therefore, continued beyond the filing of his petition. Florida recognizes the doctrine of continuing torts. *See Seaboard Air Line R.R. Co. v. Holt*, 92 So. 2d 169, 170 (Fla. 1957); *Saurez v. City of Tampa*, 987 So. 2d 681, 685 (Fla 2d DCA 2008). "Where the doctrine applies, a plaintiff may recover damages for tortious acts committed within the limitations period prior to the filing of suit." *Saurez*, 987 So. 2d at 685. "A continuing tort is established by continual tortious *acts*, not by continual harmful effects from an original, completed act." *Id.* at 686 (emphasis in original). "When a defendant's damage-causing act is completed, the existence of continuing damages to a plaintiff, even progressively worsening damages, does not present successive causes of action accruing because of a continuing tort." *Id.* Accordingly, Edwards' claims will only be timely to the extent they involve wrongful conduct that occurred after March 25, 2005.

Edwards argues that the Fifth District Court of Appeal "determined that DCF's negligence ran through the date of the appellate proceeding." He cites Judge Torpy's concurring opinion, which identified numerous acts, including engaging in "unnecessary and frivolous litigation to defend a position that was utterly indefensible." However, it is not clear from the face of the complaint that Edwards' negligence claims are based on tortious actions beyond the DCF's failure to perform a diligent search or provide him with notice prior to the termination of his parental rights.

*Conclusion*

To the extent Edwards' negligence claims are based on the DCF's actions in the course of the proceeding to terminate his parental rights, his March 25, 2008 notice under Florida Statute §

7

768.28(6) is untimely. To the extent Edwards relies on a "continuing tort" theory, it is not clear from the complaint when his claims accrued or what the continuing tortious actions were. If Edwards' claims are based on a "continuing tort" theory, they should be pled in an amended complaint.

Accordingly, it is **ORDERED** that Defendant's Amended Motion to Dismiss Plaintiff's Complaint with Prejudice (Dkt. 14) is **GRANTED** in part, to the extent that Counts IV and V of the Complaint (Dkt. 2) are **DISMISSED WITHOUT PREJUDICE**. Plaintiff is granted leave to file an amended complaint within fifteen (15) days of the entry of this order.[4]

**DONE AND ORDERED** in chambers this 15th day of June, 2009.

JAMES D. WHITTEMORE
United States District Judge

Copies to:
Counsel of Record

---

[4] If Plaintiff wishes to preserve a negligence claim based on the DCF's lack of diligent effort in locating him prior to the termination of his parental rights, he may do so, but it must be pled in a separate count.